ORIGINAL

FILED

10/27/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0446

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0446

STEPHANIE MOORING, Individually and as
Personal Representative of Estate of Eryon Barnett,
Deceased, to specifically include his Minor Son,
B.J.W., and Sarah Woolard, on behalf of B.J.W., a
Minor, Individually,

Petitioner,

v.

MONTANA EIGHTEENTH JUDICIAL
DISTRICT COURT, HON. RIENNE McELYEA,
Presiding,

Respondent.

FILED

OCT 2 7 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

---

Petitioners Stephanie Mooring, Individually, and as Personal Representative of the Estate of

Eryon Barnett, Deceased, to specifically include his minor son, B.J.W.; and Sarah Woolard, on

behalf of B.J.W., a minor, individually (collectively, the "Plaintiffs"), seek a writ of supervisory

control directing the Eighteenth Judicial District Court, Gallatin County, to reverse its oral ruling

from the bench on May 21, 2020; Order Denying Plaintiff's Motion to Compel and Order for

*In Camera* Review for Peer Review Materials dated June 30, 2020; and Order RE: *In Camera*

Inspection dated June 26, 2020 in its Cause No. DV-18-235B. Defendant Bozeman Deaconess

Health Services d/b/a Bozeman Deaconess Hospital a/k/a Bozeman Health Deaconess Hospital

(Bozeman Deaconess) and the District Court have filed responses to the petition.

In the district court action, the Plaintiffs served discovery requests for certain documents and

information related to a peer review conducted by Bozeman Deaconess regarding the medical care

and treatment of twenty-four-year-old Eryon Barnett, who died after being admitted to the facility's

and treatment of twenty-four-year-old Eryon Barnett, who died after being admitted to the facility's emergency department. Bozeman Deaconess objected to the requests, and the Plaintiffs moved to compel. After a hearing on the motion, the District Court denied the Plaintiffs' motion, but ordered Bozeman Deaconess to submit all peer-reviewed records *in camera* and provide lists identifying which of that information was privileged or non-privileged. The District Court further stated these lists were intended to assist the court in conducting *in camera* review and were not discoverable by the Plaintiffs. After conducting its *in camera* review, the District Court determined "all material reviewed at the Peer Review are 'data' as defined by § 50-16-201, MCA[,] and are confidential and not discoverable pursuant to § 50-16-205, MCA."

The Plaintiffs request this Court exercise supervisory control and reverse the District Court's orders that prevent them from discovering peer-reviewed facts about Mr. Barnett's death at Bozeman Deaconess. The Plaintiffs further assert that the District Court's orders infringe on their fundamental right to know all information concerning Mr. Barnett's care and treatment, contain mistakes of law that permit Bozeman Deaconess to withhold material facts under the guise of privilege, and deprive the Plaintiffs of the privilege logs to determine whether privilege exists.

Supervisory control is an "extraordinary remedy" that functions as our means of supervision of a district court "on a case-by-case basis." M. R. App. 14(3). *See also* Mont. Const. art. VII, § 2(2) (providing that the Montana Supreme Court maintains "general supervisory control over all other courts."). We generally exercise this control "when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *Barrus v. Mont. First Jud. Dist. Ct.*, 2020 MT 14, ¶ 17, 398 Mont. 353, 456 P.3d 577 (citing M. R. App. 14(3)). The case must also satisfy at least one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of statewide importance are

2

involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. 14(3).

We have previously accepted supervisory control over a district court's determination of privilege under Montana's hospital peer review statutes, §§ 50-16-201-05, MCA, the purpose of which is to promote continuous improvement in the quality of health care delivery and through review of standardized health care operations and the performance of doctors and staff." *Huether v. District Court*, 2000 MT 158, ¶ 9, 300 Mont. 212, 4 P.3d 1193. *See also Wirtz v. Mont. Fifteenth Judicial Dist. Ct.*, 365 Mont. 557, 286 P.3d 591 (2012). In *Wirtz*, we reviewed a copy of a hospital report filed under seal, and reversed the District Court's ruling that the report was privileged upon determining it qualified as an "incident report" that fell outside the protection of the peer review statutes. *See* § 50-16-201(3)(a), MCA.

We similarly accepted supervisory control in *Huether* but did not reach a substantive determination of whether the documents at issue were privileged under the peer review statutes. *Huether*, ¶ 22. Instead, we left that determination to the district court, holding that the court may be required to "conduct an [*in camera*] review and redact material in the documents relating to supervisory or disciplinary matters." *Huether*, ¶ 22.

In this case, the Plaintiffs ask us to accept supervisory control to review the merits of the District Court's ruling, but they fail to identify any purely legal questions or emergency factors that would render the normal appeal process inadequate. Unlike in *Huether*, the District Court has already conducted *in camera* review of the contents of the peer-reviewed material and engaged in a necessarily factual inquiry when it determined the material was privileged and not subject to disclosure. And, unlike in *Wirtz*, we are unable to observe the contents of the peer-reviewed material to determine if the District Court's factual assessment resulted in a mistake of law that would cause a

3

adhere to the general rule in this case that discovery disputes are inappropriate for supervisory control, as district courts "are in the best position to assess the nature and effect of discovery abuses" under the Montana Rules of Civil Procedure. *Mont. State Univ.-Bozeman v. Mont. First Judicial Dist. Court*, 2018 MT 220, ¶ 15, 392 Mont. 458, 426 P.3d 541 (hereinafter, *MSU*). The Plaintiffs may raise the issue on appeal if they ultimately deem it necessary to do so, which provides them with means for review of the District Court's discovery ruling for an abuse of discretion. *See MSU*, ¶ 15.

THEREFORE, IT IS ORDERED that the petition for writ of supervisory control is DENIED.

The Clerk is directed to provide immediate notice of this Order to counsel for the Plaintiffs, all counsel of record in the Eighteenth Judicial District Court, Gallatin County, Cause No. DV-18-235B, and the Honorable Rienne McElyea, presiding.

DATED this 27 day of October, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

4